**UNITED STATES of America and Revenue Officer Ralph P. Meleo, Jr., Petitioners,**

v.

**John A. VAN ROSSEM, Respondent.**

**No. 97–MISC.–6007 CJS.**

United States District Court, W.D. New York.

May 8, 1998.

Anne VanGraafeiland, Asst. U.S. Atty., Rochester, NY, for plaintiff.

John A. van Rossem, Rush, NY, Pro Se.

## DECISION AND ORDER

SIRAGUSA, District Judge.

Before the Court is the respondent's motion to compel discovery pursuant to Fed. R.Civ.P. 27(b). For the reasons that follow, the respondent's motion is denied.

## BACKGROUND

The respondent alleges that he was granted a discharge in bankruptcy on June 26, 1996, and that the IRS was enjoined "from attempting to collect any taxes which had been discharged." He further alleges that on May 19, 1997, the IRS filed a Notice of Federal Tax Lien, alleging that he owed $68,208.87 in taxes for the years 1987–91 and 1993. The respondent apparently believes that the aforementioned tax liabilities were discharged in bankruptcy. However, it also appears from his papers that the respondent believes he is not obligated to pay income taxes generally. The petitioners commenced this action on September 25, 1997, by filing a petition which sought to compel the respondent to comply with an Internal Revenue Service (IRS) summons. Pursuant to an Order to Show Cause, the respondent appeared before the Honorable Michael A. Telesca, U.S. District Court Judge, on November 13, 1997. At that time, Judge Telesca ordered the respondent to comply with the IRS summons. By order dated December 17, 1997, this case was transferred to me. On January 12, 1997, the respondent appealed Judge Telesca's order [# 3] requiring him to comply with the IRS summons. On January 15, 1998, the parties appeared before the undersigned, and counsel for the petitioners moved for dismissal of the action, based upon the respondent's compliance with the aforementioned summons. This Court accordingly dismissed the action. On that same day, January 15, 1998, the respondent filed the subject motion to compel discovery.

In his motion, the respondent demands that United States Revenue Officer Ralph Meleo, Jr., be required to respond to certain interrogatories and to produce certain documents for inspection. For example, the respondent demands that Mr. Meleo respond to the following interrogatories:

1. What Statute, if any, requires John A. van Rossem to be a witness against himself?
2. What Statute, if any, makes John A. van Rossem liable for an income tax?

As a further example, the respondent demands that Mr. Meleo produce the following documents:

I. Copies of all Tax Returns # 1040 or otherwise, filed and attested to by The Secretary of the Treasury or his designated delegate under 26 USC–6020(b) for John A. van Rossem.

II. Copies of all notices sent by the Secretary of the Treasury or his designated delegate, to John A. van Rossem requiring him to make tax returns under 26 USC–6001.

The respondent contends that "[t]he documents that would prove that allegation are only in the possession and control of Revenue Officer Ralph A. Meleo, Jr.," and that "[t]he reason for perpetuating the testimony of Revenue Officer Ralph P. Meleo, Jr. is to avoid a failure of justice." The respondent does not seek to depose Mr. Meleo.

### ANALYSIS

Fed.R.Civ.P. 27(b) states in relevant part: If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time therefor has not expired, the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court. The motion shall show (1) the names and addresses of persons to be examined and the substance of the testimony which the party expects to elicit from each; (2) the reasons for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken. . . .

The movant must demonstrate a specific need to preserve the testimony, and that a loss of the testimony would result in a failure of justice. *See*, 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §§ 27.33–27.34 (3d ed.1997).

■ By its terms, Fed.R.Civ.P. 27(b) applies only to the taking of depositions, not interrogatories or document production. The respondent is seeking to compel Mr. Meleo to answer interrogatories and to produce documents. Accordingly, the relief that he seeks is not available under Rule 27(b).

■ Moreover, even if the respondent were seeking to depose Mr. Meleo, the Court would deny this motion in any event, because the respondent has not shown any need to perpetuate testimony. The respondent has not alleged any reason to think that Mr. Meleo will be unavailable to testify in the future, should that become necessary. Furthermore, the information that the respondent seeks may best be described as *general* information available to any number of persons, as opposed to information that would be possessed solely by Mr. Meleo. In fact, the information which the respondent seeks could probably be obtained from a law library or gotten directly from the IRS more easily than it could be gotten from Mr. Meleo. Accordingly, the respondent has not demonstrated that he is entitled to an Order pursuant to Fed.R.Civ.P. 27(b).

### CONCLUSION

For the foregoing reasons, the respondent's motion to compel discovery [# 6] is denied.

So ordered.